23-3827 Delmi RamirezRamos et al v. Merrick Garland argument not to exceed 15 minutes per side council you may proceed for the petitioners when ready you seem to have lost most of your audience i have that effect on people your honor um good morning may it please the court uh i'm sam wardle i'm here on behalf of Delmi RamirezRamos as pro bono counsel this is a case about the immigration court's application of the wrong legal standard to miss RamirezRamos petitions for asylum and withholding of removal now the board of immigration appeals decision which is the decision on appeal assumes that miss RamirezRamos established her membership in particular social group categories that's element one of both of her petitions she was a single mother an indigenous woman a landowner a merchant and a member of her family all five of those were were generally assumed to be cognizable categories the board also accepted that miss RamirezRamos suffered persecution as defined under both petitions she was raped three of her brothers were murdered her uncle was murdered she was evicted from her home by gang members she was extorted faced severe threats of personal harm to herself and her children and she fled to the united states those acts were assumed to be persecution finally the board did not dispute that miss RamirezRamos established a reasonable fear of future persecution if she were to be returned to Honduras so the only question on this appeal is whether the evidence in the record established that miss RamirezRamos's persecution was on account of her membership in her certain protected classes what's our standard of review then your standard of review is de novo yes yes your honor substantial evidence of the board's decision well the substantial evidence standard applies to findings of fact our argument is that's what you're contesting your honor our argument is that the board made errors of fact in its asylum analysis of the nexus that it also applied the wrong legal standard but particularly with respect the errors in the findings of fact would be reviewed for substantial evidence would they not yes your honor okay but the legal errors are reviewed de novo i agree with you there so i'll start i'll start with that with the clearest instance of a de novo review and a legal error in the board's opinion which is its application of the withholding of nexus standard okay did they specify what that nexus standard was that they applied the board did not okay so how's how is their error i mean you're you're the appellant you must convince us that the board committed reversible error there is a rebuttable presumption that judges know the law that judges apply the law correctly and it's the the burden of the appellant to establish otherwise so tell tell me what what evidence you have that they did not know the correct law that they misapplied it yes your honor well i think i misspoke a moment ago your question was did the board describe the standard it applied to the withholding of removal nexus analysis they said there was not nexus and they didn't specify whether they were doing a central reason or one of many reasons that you know the distinction that we're we're talking about here but you you your argument is because they didn't specify we have to assume that they made an error they didn't know what the standard was but i think that's that's reverse i mean i think there is a rebuttable presumption that they did apply the correct law that they did know what the correct standards were and you have to convince me otherwise i'll make my my best effort okay that's why you're here the reason my answer no to your prior question wasn't entirely correct i don't think i understood the question is the board actually did say what standard it applied in one sentence it said uh and i'm paraphrasing i don't have it in front of me i do i do have it i believe and you can correct me if i'm saying this wrong then but the immigration judge found no link between the family's report i mean that that's what they said no link is what they're reviewing i guess i i think that sentence was in the context of the asylum analysis so there's a the withholding of removal at the end the bia says because the respondent did not demonstrate the requisite nexus to a protected ground she is not eligible for asylum and withholding of removal under the ina is that the only discussion of withholding of removal judge bore that is absolutely correct how does that say that that's the erroneous erroneous standard they just say they did not demonstrate the requisite nexus for withholding of removal and how's that how's that uh erroneous statement of law it's an erroneous statement of law your honor because it conflates the asylum nexus standard with the withholding i don't see it conflating it it just says that the uh the requisite nexus was not established for either asylum or withholding of removal well um to draw a baseball analogy i guess that would be kind of like saying they didn't get a base hit because they didn't get a home run it's it's taking a lower causal standard and saying it's not met because the petitioner meets a higher causal standard it's apples and oranges and is part of the problem that the ij did not apply the proper standard for withholding of removal absolutely correct but don't we review the bia's decision here since they they did it independently of the immigration judge that's correct your honor so the so the immigrant the immigration judge may have made a mistake but what we're reviewing is the bia's decision right that is technically correct but there's a not only technically it is correct isn't it it is correct but there's a wrinkle to it that i want to point out if i may which is that nexus is a factual determination that the immigration judge is supposed to make not the board and so what happened here was the board looked at the immigration judge's decision and said i i think they said some things with this are not right we're going to issue our own opinion but in doing so the board went ahead and made a factual decision the immigration judge hadn't made it can't do that the the problem that i see with your argument about what is the actual holding of the bia on nexus is that there is language in the bia opinion saying at one point no link between the family's report of israel's death and their eviction from the home at another point saying the immigration judge found their ownership of the house was not a reason that the gang targeted the family so arguably those are saying there's no reason at all no nexus at all how do we deal with that well the first point i would make in response to that is that those are are not the complete bases for miss ramirez ramos's petition for asylum for instance you talked about there there being no connection between the murder of miss ramirez ramos's brother in 2012 and the gang's eviction from her home in 2016 and subsequent extortion of miss ramirez ramos and her mother that wasn't in fact the the basis for her petition for asylum or withholding of removal the basis was the gang targeted her and her mother for eviction from this home because they were single indigenous women without an adult male in the house to protect them among other things so that analysis you just referenced doesn't get to the heart of the matter at all that's kind of a side issue and then the second point i would i would make is that those findings the findings themselves the ones you referenced are supported by no evidence in the record whatsoever there is no evidence in the record that these gang members evicted miss ramirez ramos and her mother from their house for some kind of pecuniary gain or because they wanted the house that's just not there that's something the board read into the record the testimony and the country conditions reports were all that they evicted her from this house because they knew she was a vulnerable target because she was an indigenous single woman where the tie to being indigenous i saw only in the evidence when she was raped as a 15 year old and the rapist called her an indian was there something else that tied her indigenous background to the persecution she suffered yes your honor absolutely there were country conditions reports in the records showing that indigenous women in honduras are treated as second class citizens they're a they're a um what's the word and i'm sorry this isn't my usual area of law so i'm not always perfect with the jargon in asylum but she had unique characteristics in honduran society as a result of being indigenous there are country conditions reports establishing that and she also generally testified that and to use the word used in the record that indians are treated differently in honduran society they don't have certainly the country condition reports are are useful and they're helpful and they they have to be considered but it seems to me you're almost arguing that because the country condition reports say that this is the general condition therefore it's met with respect to this particular petitioner and i i i think that's a stretch uh your honor i think that that would be a stretch um if if that was the whole of our argument but i i would i would say our argument is the country conditions reports establish the baseline they provide background information on what is a unique and cognizable class of people in honduran society and then miss ramirez ramos's testimony explained how how those conditions applied specifically in her case so on appeal are you focusing on there are five particular social groups that she is alleging she's a member of are you focusing on certain of those or are you still claiming persecution on the basis of all we are claiming persecution on the basis of all um however obviously if we prevail on even one of those five then miss ramirez ramos is entitled to asylum and withholding of removal well she would be entitled to us sending it back to the bia correct yes your honor in fact if i think the the the correct posture of the of the case should be a remand back to the immigration judge to do a proper factual finding on the nexus between uh the the persecution and her membership in particular social group categories judges i see my time is nearly up and i reserved three minutes so i'll take a seat fine  good morning your honors tatiana pino for the attorney general respondent does not dispute that petitioner and her family suffered appalling traumatic harm in honduras including the murder of several of her relatives her own rape at the age of 15 at gunpoint an eviction from her home by gang members followed by threats and extortion nevertheless the court should deny this petition for review asylum and withholding a removal are highly specialized forms of legal protection that require several technical elements be satisfied as petitioner argues today correctly the agency reached only the nexus element in doing so the agency methodically analyzed each appalling event and reasonably explained why none of them had anything to do with any petitioner's five proposed particular social groups rather each event was motivated by unrelated criminality and gang violence which plagues honduras and the record does not compel reversal of that reasonable factual determination which as judge griffin correctly pointed out is reviewed under this court's highly deferential substantial evidence standard so is the bia distinguishing between the standard for withholding of removal and the standard for asylum no your honors the bia is relying on the immigration judge's decision that found and there's language we can go over specific language that reasonably found no link whatsoever to any of the proposed particular social groups and before we get into that i'd like to just point out as a as government did in its brief that petitioner today and before this court has always raised an unexhausted challenge to the immigration judge's decision the board never conflated the legal standards and this is not the first time this court has seen a similar decision where although and this is has not seen a similar decision post guzman chavez where the although the board may not have discussed one central reason versus a reason the analysis clearly shows that none of petitioners proposed protected grounds was even a reason for harm so so your position is that all these terrible facts that happened that you're not contesting happened that all of these terrible things were not on account in any way of any of the five protected social groups that she belongs to but rather were just gang violence in honduras that's correct your honor and not only was it just gang violence but the agency specifically pointed to even more concrete reasons behind each of the harms for example her cousin was killed for refusal to pay the gang her brother was killed in 2002 as quote part of a crime that's her that's her testimony and for no other reason her brother israel was killed because by the game because he took responsibility for shooting a gun into the air and for whatever the gangs didn't like that and killed him her brother orlando was killed because he fled that scene her other brother jose was killed by police because he killed a police officer and he was then killed when he was apprehended the eviction was the only motivation for the eviction was according to petitioners credible testimony as the gang told her they needed a new place to live because the police had kicked them out of a house that they previously occupied focusing on that last one sure the eviction they told her it was because they needed a place to hang out to live so they evict her and her family but she has pointed out all of these other things that have happened and why is her house picked of all the others and isn't her theory that it is because of persecution of her on account of familial on account of being a female relative her mother technically was the owner of the house subject to a mortgage and they're running some business out of the house so it's a familial relationship tied with being a single woman and having had all of these prior events so why isn't that enough to tie it in to be persecution on account of a social group at that point the eviction the only evidence of record that is specific to petitioner about the gang members motives of the gang members who actually persecuted her was their direct statements saying this is why we need your house we need your house because the police evicted us from this other house and we need somewhere to go there is no evidence at all that the gang knew or cared that they were single mothers that they operated a store out of their house that they were landowners and that is critical to the motive determination there must be knowledge plus a motive based on that knowledge and here there's no specific evidence at all petitioner cannot point to any evidence showing that the record compels the conclusion that's another important reminder here we that is the question that is before the court whether the record compels the conclusion that these gang members were motivated by these alleged protected grounds and moreover as the agency properly explained there is no evidence that the gang ever held any animosity at all toward this family despite the fact that it is true that many of their relatives were harmed and that alone does not equate to showing that the family was was a and I'll just point to this court's decision in Reyes-Almendarez v. Barr it's a 2020 decision and this court concluded that the existence of gang violence plus the fact that the family was persecuted that alone does not equate to persecution on account of a family and that is reasonable also under Turcio's Flores which highlighted there must be some degree of animosity toward the family for it to be on account of family membership and there is none here so why not remand for the BIA to consider whether under Guzman-Vasquez they should have different analysis for withholding of removal because it's not there is no requirement that the agency named the case that named Guzman-Vasquez or Turcio's Flores for the proposition that this for withholding a removal whereas here the analysis was properly conducted and you can go through the agency's decision and it's methodical and it analyzed each of the petitioner's protected grounds and explained whether it was at least a reason for each alleged harm and it categorically found without a scintilla of doubt or without any degree of doubt that these protected um related to for example the family and the murders there the board said at page record page four relatives murders do not bear any nexus to petitioner's family there is no motive related to petitioner's proffered social groups for these incidents moreover as as I believe you discussed with petitioner's counsel there was no link between her brother's murders and we can go on I mean there's a when we were discussing the single mother's angle the board said we do not find that being a single mother was even a reason for the eviction threats and extortion public same with public merchants the board found that the status as a public merchant was not a factor in the gangs targeting so and same with landowners so we see that the board conducted the analysis under Guzman-Vasquez even though it didn't dissuade Guzman-Vasquez and this court has concluded in analogous decisions Alonzo C. Marjorie Garland which postdates both Guzman-Vasquez and Turcios Flores that whereas here petitioner does not raise the issue in their brief to the board does not exhaust and the agency explains in its decision that the protected ground was not even a reason for the harm this court does not find fault in the ball board for not discussing the the different legal standards when the analysis shows that it was done your honors if there are no further questions respondent respectfully request that you deny this petition for review thank you your honors as my remaining time is short i'll get right to the heart of it which was the question judge moore asked why did the members of this gang pick this house among all the others in the neighborhood to evict the its occupants and demand extortion from its occupants and the record points in only one direction they took this house because the people who occupied it were owners of the home now miss ramirez ramos testified that was unusual in her neighborhood her mother got a loan from a foundation to actually own the home most people rented the gang was not going to take a house from someone who rented because a renter has a landlord and a landlord might have the echoing away your case in this argument because that's not even one of the protected categories that you're seeking here as i understand it that that they actually owned it rather than rented it that seems to be distinct from all of the five categories that you're basing your claim on your honor actually i believe one of the five categories is a landowner and another is member of miss ramirez ramos's family which would be her mother who was the title owner of the home um and so the the gang evicted miss ramirez ramos and her mother because they owned the home there was no there was no landlord in the background who might be able to call the police and get protection they evicted these two people because they were women and there was no adult male in the home miss ramirez ramos testified in the country conditions report showed that single women without male protection are vulnerable to exactly these kinds of actions in honduras and are singled out by the gangs for this kind of activity she testified that they focused on her because she was indigenous again because the police in honduras are less likely to protect indigenous people and in fact that's exactly what happened after the gang evicted miss ramirez ramos and her mother from their house after the gang extorted them someone in the neighborhood called the police and said hey the maras are in this house you've got to come do something about it and the police arrested these people put them in jail for a couple hours accepted bribes and the gangs were back on the street back in the house and they at that point escalated their threats against the family escalated their extortion and began threatening violence so i would say those those facts are undisputed there was a department of homeland security attorney in the hearing did not call another witness did not present any evidence that these members had other motivations or that these these protected characteristics did not form part of the gang's motivations the board's determination to the contrary is pure speculation it's not based on the record so we would argue that in fact this record compels the conclusion that the board erred not just in applying the wrong legal standard which it certainly did but in also misapplying the asylum nexus standard to the facts that were undisputed in the record thank you my time is up thank you very much both for your argument the case will be submitted and thank you for representing your client pro bono